487 P.2d 393

**Application of Terry B. KISER to be admitted as a member of the State Bar of Arizona.**

**No. 10551.**

Supreme Court of Arizona,
In Banc.

Aug. 2, 1971.

Mark Wilmer, Phoenix, Chairman, Committee on Examinations and Admissions, State Bar of Arizona, for State Bar.

Wilson, McConnell & Moroney by William T. Moroney, Phoenix, for petitioner.

HAYS, Vice Chief Justice.

The petitioner, Terry B. Kiser, comes before this court on an application for admission to the State Bar of Arizona. On June 7, 1971, the Committee on Examinations and Admissions declined to recommend petitioner for admission to the State Bar on the grounds that he had not established to the satisfaction of the Committee that he is of good moral character. The position of the Committee was taken after petitioner was accorded an informal hearing on May 5, 1971.

The action of the Committee was based upon the following facts. The petitioner moved to the State of Utah on or about June 1, 1968, to attend law school. In or-

der to obtain the advantage of resident tuition at the University of Utah he represented to the Advisor on Residency in the Office of Admissions that his only attachment to the State of Arizona was the fact that his mother lives there. He further indicated a definite intention of becoming a permanent resident of the State of Utah. On the basis of these representations, petitioner was charged resident tuition.

Thereafter, on the 6th day of April, 1971, the petitioner executed an affidavit which was filed in a divorce action in the Superior Court as part of a Motion to Amend. This affidavit stated that he, the petitioner, had moved to the State of Utah for the sole purpose of completing his formal education, and at all times intended to return to the State of Arizona.

In addition the Committee was concerned with the fact that petitioner was discharged in bankruptcy in 1968, with a minimal amount going to his creditors, and thereafter incurred a considerable indebtedness.

The point of the bankruptcy we pass over quickly since the Committee readily admitted it had only slight weight in their determination. We cannot pass so quickly over the apparent disregard for the sanctity of an oath. Petitioner has presented various excuses for this alleged oversight, one being a lack of communication between he and his attorney, and further a failure to carefully read the affidavit he signed. Petitioner's counsel in his argument seemed to say that Utah hasn't complained about petitioner's change of intention, why should the Committee.

We deplore a growing tendency among the public and even within the Bar to swear to anything which gives immediate advantage. This attitude we cannot condone.

The Committee followed the mandate of this court as enunciated in Application of Courtney, 83 Ariz. 231, 319 P.2d 991 (1957), which says that the burden of showing good moral character rests on the applicant and when he fails to convince the Committee it is its duty not to recommend admission.

The ultimate decision in this difficult matter rests with the Supreme Court. We admire the candor of the Committee's counsel in making plain to the Court the wide difference of opinion within the Committee itself. We believe that the delay in admission and attendant worry will have impressed on the petitioner the seriousness of an oath.

We commend the Committee on its careful attention to duty and instruct them to proceed with the processing of petitioner's file on the basis that he possesses the good moral character required.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.